**Weldon W. WOODWARD, Petitioner,**

v.

**DEPARTMENT OF THE TREASURY,**
**Respondent.**

No. 02–3145.

United States Court of Appeals,
Federal Circuit.

July 15, 2002.

Before RADER, GAJARSA, and
PROST, Circuit Judges.

PER CURIAM.

Weldon W. Woodward appeals from the
final decision of the Merit Systems Protec-
tion Board ("Board") dismissing his claim

that he was improperly removed from employment by the Internal Revenue Service ("IRS") for lack of jurisdiction. *Woodward v. Dep't of Treasury*, 91 M.S.P.R. 133 (M.S.P.B. 2002). Because the Board properly dismissed his appeal for lack of jurisdiction, we *affirm*.

## DISCUSSION

Mr. Woodward was employed as a Tax Examining Assistant at the IRS Taxpayer Relations Division in Kansas City, Missouri until his resignation on June 2, 2000. On June 1, 2000, Mr. Woodward was notified that he was scheduled for an Administrative Interview with the Treasury Department Officer of the Inspector General for Tax Administration on June 5, 2000, regarding a case he had worked on. Shortly thereafter, Mr. Woodward cleaned out his personal items and left his written resignation and badge in an envelope. Mr. Woodward, however, attempted to rescind his resignation by alleging that his resignation was in fact due to discrimination.[1]

On December 18, 2000, Mr. Woodward filed an appeal with the Board, alleging that his resignation was involuntary. In particular, Mr. Woodward alleged that his resignation was the result of "sexual orientation matters, false law enforcement report, quid pro quo and hostile working conditions." The administrative judge held that the fact that "an employee is faced with an inherently unpleasant situation or that his choice is limited to two unpleasant alternatives does not make his decision to resign involuntary." Rather than submitting his resignation, according to the administrative judge, Mr. Woodward could have cooperated with the investigation and could have challenged the results of an administrative action. The administrative judge, therefore, held that the Board lacked jurisdiction because Mr. Woodward's decision to resign was voluntary.

Mr. Woodward thereafter petitioned for review of that initial decision of the administrative judge. On appeal to the Board, Mr. Woodward claimed that the administrative judge "correctly ruled she had no authority to hear this matter. She failed; [sic] however, to remand this matter correctly [to the EEOC]." The Board dismissed Mr. Woodward's petition for review because he had failed to meet the criteria set forth in 5 C.F.R. 1201.115(d). It concluded that Mr. Woodward had presented no new, previously unavailable evidence, and that the administrative judge made no error in law or regulation that would affect the outcome of Mr. Woodward's appeal. Thus, the administrative judge's initial decision became final on January 8, 2002.

This court will affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. 7703(c) (2000). On appeal to this court, Mr. Woodward argues only that the administrative judge should have remanded the case to the EEOC. We conclude, however, that the administrative judge and the Board were correct in concluding that the Board had no jurisdiction over Mr. Woodward's appeal. Therefore, the Board was without jurisdiction to remand the case to the EEOC. In addition, we also note that the Board, under these circumstances, is without authority to transfer this case to the EEOC. *Wright v. Dep't of Veterans*

---

1. On June 20, 2000, Mr. Woodward filed a complaint of discrimination regarding his resignation with the Department of Treasury Regional Complaint Center. Before a final decision was issued, his case had been adjudicated to the Board.

*Affairs,* 85 M.S.P.R. 358, 369 (2000). For the foregoing reasons, the Board's decision is affirmed.